UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 727 |
| vs. ) | Judge Geraldine Soat Brown |
| ) | |
| NAKIA BECK ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant NAKIA BECK, and her attorney, THOMAS MORE LEINENWEBER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The information in this case charges defendant with delay of the mail, in violation of Title 18, United States Code, Section 1701 (Counts One and Two).

3. Defendant has read the charges against her contained in the information, and those charges have been fully explained to her by her attorney.

4. Defendant fully understands the nature and elements of the crimes with which she has been charged.

### Charges to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the information. Counts One and Two charge defendant with delay of the mail in violation of Title 18, United States, Code Section 1701.

## Factual Basis

6. Defendant will plead guilty because she is in fact guilty of the charges contained in Counts One and Two of the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

   a. Defendant was employed by the United States Postal Service as a casual letter carrier from on or about November 12, 2006 to on or about February 20, 2007. As a casual letter carrier, defendant's duties included sorting and delivering mail for various routes within the area covered by zip code 60620.

   b. With respect to Count One, on or about February 13, 2007, defendant was assigned to deliver mail for postal routes 2051 and 2065 in the Auburn Park area of Chicago. But, rather than delivering the mail, defendant knowingly and willfully abandoned mail for which she was responsible in an alley near 7500 S. Winchester in Chicago. The abandoned mail included approximately 182 pieces of First-Class mail, 20 pieces of Second-Class mail, and 291 pieces of Standard mail. As a result, defendant obstructed the passage of the mail in reaching its points of destination.

   c. With respect to Count Two, on or about February 17, 2007, defendant was assigned to deliver mail for postal routes 2040 and 2042 in the Auburn Park area of Chicago. But, rather than delivering the mail, defendant knowingly and willfully abandoned the load of mail for which she was responsible in a Forest Preserve swamp located near State and Paxton Streets in Calumet City, Illinois. The abandoned mail included approximately

542 pieces of First-Class mail, 14 pieces of Second-Class mail, and 898 pieces of Standard mail. As a result of defendant's actions, approximately half of the abandoned mail was destroyed and could not be delivered, while the other half was delayed in reaching its points of destination. Defendant thus obstructed the passage of this mail.

### Maximum Statutory Penalties

7. Defendant understands that the charges to which she is pleading guilty carry the following statutory penalties:

   a. Count One carries a maximum sentence of 6 months' imprisonment and a maximum fine of $5,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than one year.

   b. Count Two carries a maximum sentence of 6 months' imprisonment. Count Two also carries a maximum fine of $5,000. Defendant further understands that with respect to Count Two, the judge also may impose a term of supervised release of not more than one year.

   c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $10 on each count to which she has pled guilty, in addition to any other penalty imposed.

   d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 12 months of imprisonment. In addition, defendant is subject to

a total maximum fine of $10,000, a period of supervised release, and special assessments totaling $20.

## Sentencing Guidelines Calculations

8. Pursuant to the United States Sentencing Guidelines § 1B1.9, the Sentencing Guidelines do not apply to either Count One or Count Two because both are Class B misdemeanor offenses.

## Agreements Relating to Sentencing

9. Each party is free to recommend whatever sentence it deems appropriate.

10. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

11. Defendant agrees to pay the special assessment of $20 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

12. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of

defendant's conduct regarding the charges against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

13. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

14. For the purpose of monitoring defendant's compliance with her obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the

returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

15. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 727.

16. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

17. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

        i.        The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.        If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.        If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt and that it was to consider each count of the information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.        If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

  b.  **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

  c.  Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Other Terms

18. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

19. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

20. Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

21. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

22. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

23. Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: April 3, 2008

PATRICK J. FITZGERALD
United States Attorney

NAKIA BECK
Defendant

SHARON R. FAIRLEY
Assistant U.S. Attorney

THOMAS MORE LEINENWEBER
Attorney for Defendant

10